IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, #S03210,         Plaintiff, v. KRISTA ALLSUP, WARDEN LASHBROOK, DAVID EVELSIZER, FRANK EOVALDI, WILLIAM QUALLS, BRAD BRAMELT, MR. CLARK, TIMOTHY BRUMLEY, TYLER JONES, MR. CLEAVLAND, DONALD LINDENBERG, SCANDLAND, SCOTT WHITE, SANDY WALKER, GARRETT GRIFFIN, JUSTIN HECHT, LOYD, MASON YANKEY, BILLY CONWAY, DUSTIN CHITTY, MICHEALES, RYNE ELLET, JOHN HOOD, JORDEN SPARLING, BRIAN GUETERSLOH, ANDREW MARTIN, NURSE MARSHAL, THOMAS LAFOND, JOHN DOE, *personal property officer,* KENT BROOKMAN, JASON HART, ANDREW SPILLER, PATRICIA STEWART, COCKRUM, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, | Case No. 19-cv-00770-NJR |

| | |
|---|---|
| JOHN DOE #4,<br>JOHN DOE #5,<br>JOHN DOE #6,<br>JOHN DOE #7,<br>JOHN/JANE DOE #8,<br>JOHN/JANE DOE #9,<br>JOHN/JANE DOE #10,<br>JOHN/JANE DOE #11,<br>JOHN/JANE DOE #12,<br>JOHN/JANE DOE #13,<br>JOHN DOE #14,<br>JOHN DOE #15,<br>JOHN/JANE DOE #16,<br>JOHN/JANE DOE #17,<br>JOHN/JANE DOE #18,<br>JOHN DOE #19,<br>JOHN DOE #20,<br>JOHN DOE #21,<br>JOHN DOE #22,<br>JOHN DOE #23,<br>JOHN/JANE DOE #24,<br>JOHN/JANE DOE #25,<br>JOHN/JANE DOE #26,<br>JOHN/JANE DOE #27,<br>JOHN/JANE DOE #28,<br>JOHN/JANE DOE #29,<br>JOHN DOE #30,<br>JOHN DOE #31,<br>JOHN DOE #32,<br>JANE DOE #33,<br>JOHN DOE #34,<br>JOHN DOE #35,<br>JOHN DOE #36,<br>JOHN DOE #37,<br>JOHN DOE #38,<br>JOHND DOE #39,<br>**MENARD CORRECTIONAL CENTER,**<br>**ILLINOIS DEPARTMENT OF**<br>**CORRECTIONS,**<br>**JOHN/JANE DOES et al.,** *unidentified,*<br>**and**<br>**ANTHONY WILLS,**[1] | |
| **Defendants.** | |

---

[1] The Court substitutes Anthony Wills, the current warden of Menard Correctional Center, in his official capacity for Frank Lawrence. *See* FED. R. CIV. P. 25(d).

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff David Bentz, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Bentz claims that he was issued a false disciplinary ticket and placed in segregation for filing lawsuits against certain defendants.

Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Bentz was allowed to proceed on nine counts against thirty-eight defendants. Before the Court is Bentz's Motion for Leave to Amend as a Matter of Law. (Doc. 22). He asks for leave to amend the Complaint in order to correct deficiencies, such as adding factual allegations to claims that were previously dismissed and adding additional defendants. Federal Rule of Civil Procedure 15 allows a plaintiff to amend his complaint as a matter of course before a responsive pleading is served. Bentz filed his motion prior to Defendants filing an answer to the Complaint, and therefore, the motion is granted. The Court, however, must conduct a preliminary review under 28 U.S.C. § 1915A[2] of the proposed amended complaint, now designated as the "First Amended Complaint."

## FIRST AMENDED COMPLAINT

Bentz makes the following allegations: On June 14, 2018, Allsup issued Bentz a false disciplinary ticket for forgery and giving false information to an employee in retaliation against Bentz for filing a lawsuit against her. As a result, he was "deadlocked"

---

[2] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

within his cell from June 14, 2018, until June 27, 2018, and was denied showers, yard exercise, chow line movements, use of the commissary, hygiene indigent kits, law library access, legal exchange, and other general population activities. On June 27, 2018, he went before the Adjustment Committee. Bentz asked for (1) the recusal of Adjustment Committee Members Brookman and Hart on the basis of bias because he is suing them in another civil lawsuit; (2) the identification of the internal affairs officer mentioned in the disciplinary ticket and that such officer be called as a witness; (3) a continuance so that the internal affairs officer could be called; and (4) the incident report and other documents regarding the disciplinary ticket. All of his requests were denied. He was found guilty, and the Adjustment Committee recommended that he be sanctioned with (1) 1 month C-grade status; (2) 1 month segregation; and (3) 1 month commissary restrictions. The recommendations were approved by Warden Lashbrook. Lashbrook also imposed sanctions that were not recommended by the Adjustment Committee.

Between June 27, 2018, and July 11, 2018, Bentz was placed in punitive segregation in unconstitutional conditions. He was housed in dirty cells without running water, cleaning supplies, writing supplies, hygiene items, ice or ice water, linens, including towels, change of clothes, or access to laundry services, showers, or exercise time. Bentz's mattress and pillow were soiled, and he had no light switch, and so, the lights were off at all times. He was also exposed to excessive heat with no ventilation and denied medical care.

From June 14, 2018, until July 11, 2018, he was denied access to legal storage to access court documents and the law library. On July 14, 2018, Bentz was again denied access to his legal storage. On January 31, 2019, the Administrative Review Board

expunged Bentz's charge of giving false information to an employee.

## PRELIMINARY DISMISSALS

In the First Amended Complaint, Bentz again brings allegations against "unidentified John/Jane Does, et al." For the reasons stated in the original Merit Review Order, these defendants are dismissed. (Doc. 16, p. 4-5).

Bentz also names Menard Correctional Center and/or the Illinois Department of Corrections as defendants. Both entities, however, are not subject to suit under Section 1983 and are dismissed. *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

Bentz further claims that John Doe #14 and John Doe #15 are liable under supervisory responsibility for condoning the retaliatory acts against him. Because *respondeat superior* or supervisory liability is not recognized under Section 1983, John Doe #14 and John Doe #15 are dismissed.

Finally, Bentz names John Doe #37 in the case caption, but he does not assert any allegations against this defendant. John Doe #37 is also dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 8(a)(2).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following nineteen Counts:

> **Count 1:** First Amendment claim against Allsup for issuing Bentz a false disciplinary ticket and causing him to be deadlocked in his cell and placed in segregation in retaliation for naming her in a lawsuit.

**Count 2:** First Amendment claim against Brookman, Hart, and Walker for finding Bentz guilty at the adjustment committee hearing in retaliation for filing lawsuits.

**Count 3:** First Amendment claim against Brumley for denying Bentz hygiene kits in July 2018 in retaliation for filing grievances and lawsuits.

**Count 4:** First Amendment claim against Brumley and Eovaldi for denying Bentz access to his legal documents on July 14, 2018, in retaliation for filing grievances.

**Count 5:** Eighth Amendment claim of cruel and unusual punishment against Qualls, Brumley, Evelsizer, Bramlet, Yankey, Clark, Martin, John Doe #4, John Doe #5, John Doe #22, and John Doe #23 for subjecting Bentz to unconstitutional conditions of confinement while he was on deadlock in his cell from June 14, 2018, until June 27, 2018.

**Count 6:** Eighth Amendment claim of cruel and unusual punishment against Jones, White, Griffin, Hecht, Spiller, Loyd, Conway, Chitty, Micheales, Ellet, Hood, Sparling, Guetersloh, Eovaldi, Lindenberg, Scandland, Cleavland, Clark, John Doe #7, John Doe #19, John Doe #20, John Doe #21, John/Jane Doe #29, John Doe #30, John Doe #31, John Doe #32, John Doe #33, John Doe #34, John Doe #35, John Doe #36, John Doe #38, and John Doe #39 for housing Bentz in unconstitutional conditions of confinement from June 14, 2018,[3] until July 11, 2018, while he was in segregation.

**Count 7:** Fourteenth Amendment procedural due process claim against Allsup for filing a false disciplinary report.

**Count 8:** Fourteenth Amendment claim against John/Jane Doe #16, John/Jane Doe #17, and John/Jane Doe #18 for falsifying reports and the investigation.

**Count 9:** Fourteenth Amendment claim against Brookman, Hart, and Walker for denying Bentz due process by not recusing themselves and improper procedure during the disciplinary hearing.

---

[3] The Court notes discrepancies in the dates provided. At one point in the First Amended Complaint, Bentz claims he was held in deadlock in his cell, W-216, from June 14, 2018, through June 27, 2018. But in another section he states he was held in punitive segregation in North Two Cell House from June 14, 2018, through July 11, 2018.

**Count 10:** First Amendment claim of denial of access to courts against Lafond, Cockrum, Qualls, Brumley, Evelsizer, Bramlet, Yankey, Clark, Lindenberg, Jones, Griffin, Ellet, Hood, Martin, Eovaldi, Stewart, John Doe, John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John Doe #7, John/Jane Doe #8, John/Jane Doe #9, John/Jane Doe #10, John/Jane Doe #11, John/Jane Doe #12, John/Jane Doe #13, John Doe #19, John Doe #21, John Doe #22, John Doe #23, John/Jane Doe #24, John/Jane Doe #25, John/Jane Doe #26, John/Jane Doe #27, John/Jane Doe #28, John Doe #31, John Doe #32, John Doe #33, and John Doe #34 for denying Bentz access to his legal storage, legal documents, or the law library.

**Count 11:** Eighth Amendment claim of deliberate indifference to a serious medical need against Nurse Marshal for refusing to address Bentz's medical issues on June 27, 2018.

**Count 12:** First Amendment claim against Jones, White, Griffin, Hecht, Spiller, Loyd, Conway, Chitty, Micheales, Ellet, Hood, Sparling, Guetersloh, Eovaldi, Lindenberg, Scandland, Cleavland, Clark, John Doe #7, John Doe #19, John Doe #20, John Doe #21, John Doe #30, John Doe #31, John Doe #32, John Doe #33, John Doe #34, John Doe #35, John Doe #36, John Doe #38, and John Doe #39 for keeping Bentz in unconstitutional conditions of confinement from June 14, 2018, until July 1, 2018, in retaliation for filing lawsuits and grievances.

**Count 13:** First Amendment claim against Lindenberg, Jones, Griffin, Ellet, Hood, John Doe #6, John Doe #7, John/Jane Doe #8, John/Jane Doe #9, John/Jane Doe #10, John/Jane Doe #11, John/Jane Doe #12, John Doe #19, John Doe #21, John Doe #31, John Doe #32, John Doe #33, and John Doe #34 for denying Bentz access to his legal documents in retaliation for filing lawsuits and grievances.

**Count 14:** Negligence claim in violation of Illinois state law against Qualls, Brumley, Evelsizer, Bramlet, Yankey, Clark, Martin, Jones, White, Griffin, Hecht, Spiller, Loyd, Conway, Chitty, Micheales, Ellet, Hood, Sparling, Guetersloh, Eovaldi, Lindenberg, Scandland, Cleavland, Clark, John Doe #4, John Doe #5, John Doe #7, John Doe #19, John Doe #20, John Doe #21, John Doe #22, John Doe #23, John Doe #30, John Doe #31, John Doe #32, Jane Doe #33, John Doe #34, John Doe #35, John Doe #36, John Doe #38, and John Doe #39.

**Count 15:** Intentional infliction of emotional distress claim in violation of Illinois state law against Defendants for intentionally and maliciously placing Bentz in unconstitutional conditions of confinement and denying him medical care.

**Count 16:** Malicious prosecution claim in violation of Illinois state law against Brookman, Hart, and Walker.

**Count 17:** False imprisonment claim in violation of Illinois state law against Allsup, Brookman, Hart, and Walker.

**Count 18:** Fourteenth Amendment claim against Warden Lashbrook for denying Bentz due process by implementing excessive discipline and punishment that were not recommended by the Adjustment Committee.

**Count 19:** Eighth Amendment claim of inadequate medical care against Jones, White, Griffin, Hecht, Spiller, Loyd, Conway, Chitty, Micheales, Ellet, Hood, Sparling, Guetersloh, Eovaldi, Lindenberg, Scandland, Cleavland, Clark, John Doe #7, John Doe #19, John Doe #20, John Doe #21, John Doe #30, John Doe #31, John Doe #32, John Doe #33, John Doe #34, John Doe #35, John Doe #36, John Doe #38, and John Doe #39 for refusing to obtain medical treatment for Bentz from June 27, 2018, until July 11, 2018.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[4] pleading standard.**

## Counts 1-4

For the reasons stated in the original Merit Review Order, Counts 1, 2, 3, and 4 will proceed. (Doc. 16).

---

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This includes Bentz's claims of violations of equal protection and the Fifth Amendment. Because he offers no additional facts to support these claims, they are dismissed.

### Count 5

Count 5 will also survived screening, as provided in the original Merit Review Order, but will also proceed against newly added Defendant Clark.

### Count 6

Count 6 shall proceed, as provided in the original Merit Review Order, but will also proceed against newly added Defendants Scandland, Cleavland, Clark, John Doe #30, John Doe #31, John Doe #32, John Doe #33, John Doe #34, John Doe #35, John Doe #36, John Doe #38, and John Doe #39.

### Counts 7, 8, 9

As provided in the original Merit Review Order, Counts 7, 8, and 9 will proceed.

### Count 10

As discussed in the original Merit Review Order, to state a claim for denial of access to the courts, a plaintiff must demonstrate that his denial of access to the library or other legal assistance "hindered his efforts to pursue a legal claim." *Id*. Mere delay or inconvenience is not an unconstitutional detriment. A plaintiff must connect the defendants' conduct with his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805–06 (7th Cir. 2010). This requires a plaintiff to identify the underlying claim that was lost. *See Christopher*, 536 U.S. at 416; *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Bentz claims that forty-three Defendants violated his First Amendment Right to access the courts between June 14, 2018 and July 11, 2018, by limiting his access to the law library and his legal documents, which caused him injuries in three of his other civil

actions. Two of the three cases listed do not exist, however, and the remaining case, *Bentz v. Gregson,* No. 17-00015-SMY-RJD, was dismissed June 22, 2018, when the Court granted Defendants' motion for summary judgement, after Bentz filed a response on May 17, 2018.[5] Additionally, a review of the docket reveals he was filing documents in this district during the period of time he alleges to have been denied access to his legal documents and the law library. In the First Amended Complaint, he states that on June 29, 2018, he filed a motion for temporary restraining order and preliminary injunction in two of his other cases regarding the retaliatory conduct of Allsup.[6] As Bentz still has not explained "the connection between the alleged denial of access to legal materials [and the law library] and an inability to pursue a legitimate challenge [,]" *Ortiz,* 561 F.3d at 671, Count 10 is dismissed.

## Count 11

In the original Merit Review Order, the Court dismissed Count 11 against Nurse Marshal because Bentz's claims were vague and conclusory. (Doc. 16, p. 11). While the

---

[5] Bentz states that he incurred injuries in cases *Bentz v. Gregson,* No. 17-cv-00015; *Bentz v. Gregson,* No. 18-1273; and *Bentz v. Godinez,* No. 18-1684. There are no cases entitled and numbered *Bentz v. Gregson,* No. 18-1273, or *Bentz v. Godinez,* No. 18-1684. One of Bentz's previous cases against Defendant Godinez closed before the alleged actions in this case (*Bentz v. Godinez*, No. 12-cv-00201-GPM (S.D. Ill. Mar. 9, 2012) (transferred to the Northern District of Illinois; *Bentz v. Godinez*, No. 17-cv-00315-MJR (S.D. Ill. Feb. 6, 2018) (case dismissed; denied leave to proceed on appeal by the appellate court on September 10, 2018). Likewise, case *Bentz v. Gregson,* No. 16-cv-01349-SMY was dismissed on January 9, 2017.

[6] Specifically, he filed a "Notice to the Court Per Motion for Preliminary Injunction, Temporary Restraining Order, Mandamus, and Administrative Procedures Act" in several cases on June 29, 2018. *See Bentz v. Gregson,* No. 17-cv-00015-SMY-RJD (S.D. Ill.) (notice to the court file June 29, 2018); *Bentz v. Bledsol,* No. 13-cv-00573-MAB (S.D. Ill.) (motion for objections and for sanctions filed June 14, 2018; notice to the court filed June 29, 2018); *Bentz v. Threadgille,* No. 17-cv-01384 (S.D. Ill.) (identity of defendant/response and notice/objection and motion to reinstate motion for preliminary injunction filed June 29, 2018); *Bentz v. Newbold,* No. 18-cv-00017-JPG-RJD (S.D. Ill.) (motion for default judgment by clerk file June 14, 2018; notice to the court filed June 29, 2018); *Bentz v. Mulholland,* No. 18-cv-01064-NJR (S.D. Ill.) (motion for preliminary injunction/TRO filed June 29, 2018); *Bentz v. Wexford Health Sources,* No. 18-cv-01213 (S.D. Ill.) (case filed June 7, 2018; notice to the court filed June 29, 2018); *Bentz v. Gregson,* No. 16-cv-01349-SMY (S.D. Ill.) (notice to the court filed June 29, 2018).

First Amended Complaint adds factual details that Bentz was suffering from chronic neck pain and swelling and Nurse Marshal refused to provide him care on June 27, 2018, this claim is not properly joined in this suit. The Seventh Circuit instructs that unrelated claims against different defendants should be severed in to separate lawsuits. *George v. Smith,* 507 F. 3d 605 (7th Cir. 2007). Bentz's claim against Nurse Marshal is not related to the retaliation claims alleged against the other defendants, and therefore, Nurse Marshal is an improperly joined party. *See* FED. R. CIV. P. 20(a)(2). Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and dismiss Count 11 against Nurse Marshal as improperly joined.

**Counts 12 and 13**

Bentz alleges that Jones, White, Griffin, Hecht, Spiller, Loyd, Conway, Chitty, Micheales, Ellet, Hood, Sparling, Guetersloh, Eovaldi, Lindenberg, Scandland, Cleavland, Clark, John Doe #7, John Doe #19, John Doe #20, John Doe #21, John Doe #30, John Doe #31, John Doe #32, John Doe #33, John Doe #34, John Doe #35, John Doe #36, John Doe #38, and John Doe #39 kept him in unconstitutional conditions of confinement from June 14, 2018, until July 1, 2018, in retaliation for filing lawsuits and grievances. He also states that Lindenberg, Jones, Griffin, Ellet, Hood, John Doe #6, John Doe #7, John/Jane Doe #8, John/Jane Doe #9, John/Jane Doe #10, John/Jane Doe #11, John/Jane Doe #12, John Doe #19, John Doe #21, John Doe #31, John Doe #32, John Doe #33, John Doe #34 denied him access to his legal documents and martials in retaliation for filing lawsuits and grievances. This is enough to state a First Amendment claim of retaliation,

and thus, Counts 12 and 13 survive preliminary review. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

## Count 14

In Illinois, in order to state a claim for negligence, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)).

Other than stating that Defendants were negligent to his unconstitutional conditions of confinement, Bentz provides no further explanation of this claim. Conclusory statements, such as those pertaining to negligence, do not meet the pleading standards set forth in *Twombly* and Federal Rule of Civil Procedure 8. *See Twombly*, 550 U.S. at 555; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (court not required to accept as true "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."). Accordingly, Count 14 shall be dismissed without prejudice.

## Count 15[7]

In Illinois, the tort of intentional infliction has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988); *see also*

---

[7] Bentz's state law claims in Counts 15, 16, and 17 concerns the same facts as his Section 1983 claims, so supplemental jurisdiction is appropriate. *See* 28 U.S.C. 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).

*Sornberger v. City of Knoxville, Ill.,* 434 F.3d 1006, 1030 (7th Cir. 2006). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker*, 256 F.3d at 490 (citations omitted).

Bentz alleges that he suffered from sleep deprivation, chronic depression, anxiety, high stress, and chronic pain due to his conditions of confinement and denial of medical care, which were knowingly, intentionally, and maliciously inflicted by all Defendants. Count 15 will proceed against Allsup, who Bentz specifically states intentionally inflicted emotional distress when she wrote the false disciplinary ticket causing him to be held in unconstitutional conditions of confinement. The general assertion, however, that all seventy-five Defendants intentionally inflicted emotional distress is not sufficient to proceed. *See Walton v. Walker,* 364 F. App'x 256, 258 (7th Cir. 2010); *Brooks,* 578 F.3d at 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Therefore, Count 15 is dismissed without prejudice as to all other Defendants.

## Count 16

Bentz claims that Brookman, Hart, and Walker maliciously prosecuted him when he was found guilty of the charges on his disciplinary ticket and sanctioned without evidence. Under Illinois law a claim for malicious prosecution must allege facts showing: "(1) the defendants commenced judicial proceedings, (2) for which there was no probable cause, (3) the proceeding were instituted or continued maliciously, (4) the proceedings were terminated in the plaintiff's favor, and (5) the plaintiff sustained an injury." *Saunders-El v. Rohde,* 778 F.3d 556, 561 (7th Cir. 2015) (citations omitted). Although other

courts in this circuit have noted that "a prison disciplinary hearing is not the type of adversarial hearing which can give rise to a claim for malicious prosecution," the Court will exercise supplemental jurisdiction and allow Count 16 to proceed at this stage. *See Lee v. Gowdy,* No. 12 C 9503, 2012 WL 6605400 at *2 (N.D. Ill. Dec. 18, 2012) (citing *Greer v. DeRobertis,* 568 F. Supp. 1370 (N.D. Ill. 1983); *Joseph v. Ortiz,* 15 CV 66, 2016 WL 4366591 at *6 (N.D. Ill. Aug. 16, 2016).

**Count 17**

Bentz claims that he was falsely imprisoned by Allsup, Brookman, Hart, and Walker, as a result of a false disciplinary ticket and unconstitutional disciplinary proceedings which caused him to be deadlocked in his cell and then placed in segregation, unreasonably restraining his liberty.[8] Under Illinois state law, false imprisonment is the unreasonable restraint of an individual's liberty, against his will, caused or procured by the defendant. *Poris v. Lake Holiday Prop. Owners Ass'n*, 983 N.E. 2d 993, 1007 (Ill. 2013). "There is doubt whether a prisoner sentenced to segregation can assert a false imprisonment claim under Illinois law." *Lear v. Pfister,* 17-cv-1173-JBM, 2018 WL 10096601 at *2 (C.D. Ill. Feb. 1, 2018) (citing *Suarez v. Harrington,* No. 15-cv-00637-NJR, 2015 WL 4127181 at *2 (S.D. Ill. July 8, 2015) (discussing the possibility of a false imprisonment claim under the Eighth Amendment)). *See also Leslie v. Doyle,* 125 F.3d 1132, 1135 (7th Cir. 1997). *But see Goings v. Jones,* 16-CV-00833-NJR-DGW, 2018 WL 2099877 at *5 (S.D. Ill. May 7, 2018) (dismissing plaintiff's false imprisonment claim because his "period in segregation was not unlawful, at least not in the sense that he was imprisoned

---

[8] Although Bentz does not specifically state he brings this claim under Illinois tort law, he recites the elements of Illinois law in the First Amended Complaint.

against his will as required to meet the elements of the common law tort."). At this stage, however, the Court will allow Bentz to proceed with his claim.

## Count 18

Bentz claims that Warden Lashbrook implements policies that imposed excessive disciplinary sanctions beyond her authority. Following the implementation of the sanctions recommended by the Adjustment Committee, Bentz remained C-grade status for an additional fifteen days beyond the Committee's recommendation and then changed to a B-grade status on September 27, 2018. He also received an additional three months loss of state idle pay that was not imposed or recommended by the Committee. He claims that these actions amounted to excessive punishment and violate IDOC policies, which provide that the chief administrative officer shall not increase the sanctions recommended by the Adjustment Committee. *See* 20 ILL. ADMIN. CODE tit. 20, § 504.80(q)(2).

Bentz's claims that the modifications to his grade status and denial of idle pay amounted to excessive discipline in violation of his due process rights do not state a constitutional claim. A prisoner does not have a liberty interest in receiving idle pay or being demoted and left at C-grade or B-grade status and so, procedural due process is not required prior to the implementation of those punishments. *Beatty v. DeBruyn*, No. 94-3241, 1996 WL 80168 at *1 (7th Cir. 1996) (stating that prison officials "can certainly deny prisoners pay for doing nothing."); *Thomas v. Ramos*, 130 F. 3d 754, 762 n. 8 (7th Cir. 1997) (there is no protected liberty interest implicated in demotion to C-grade status or loss of certain privilege). Furthermore, violations of IDOC policies are not cognizable under Section 1983. *See James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017). Accordingly,

Count 18 is dismissed.

### Count 19

Bentz states that during his time in segregation, from June 27, 2018, until July 11, 2018, he requested medical care for his skin rash, chronic back and neck pain, and neck issues, as well as requested muscle relaxers, but that Jones, White, Griffin, Hecht, Spiller, Loyd, Conway, Chitty, Micheales, Ellet, Hood, Sparling, Guetersloh, Eovaldi, Lindenberg, Scandland, Cleavland, Clark, John Doe #7, John Doe #19, John Doe #20, John Doe #21, John Doe #30, John Doe #31, John Doe #32, John Doe #33, John Doe #34, John Doe #35, John Doe #36, John Doe #38, and John Doe #39 refused to do anything. He asserts that he asked for care in person from each of the defendants associated with this claim. These allegations are sufficient to survive screening and Count 19 shall proceed.

### PRELIMINARY INJUNCTION

Within the request for relief, Bentz asks the Court to issue a preliminary injunction ordering Warden Lashbrook to stop using policies that impose excessive disciplinary sanctions, allow offenders access to personal property and documents prior to disciplinary hearings, and expunge his conviction from institutional records. Not only has Bentz not filed a separate motion for his preliminary injunction pursuant to Federal Rules of Civil Procedure 7 and 65, but he has failed to demonstrate any of the elements required for obtaining a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

### DISPOSITION

For the reasons stated above and pursuant to Rule 15, the Court **GRANTS** the Motion for Leave to Amend as a Matter of Law (Doc. 22). The First Amended Complaint

survives preliminary review pursuant to 28 U.S.C. § 1915A. The Clerk of Court is **DIRECTED** to file the proposed amended complaint submitted to the Court on January 14, 2020, as "First Amended Complaint."

Bentz may proceed with the following Counts:

**Count 1:** First Amendment claim against Allsup for issuing Bentz a false disciplinary ticket and causing him to be deadlocked in his cell and placed in segregation in retaliation for naming her in a lawsuit.

**Count 2:** First Amendment claim against Brookman, Hart, and Walker for finding Bentz guilty at the adjustment committee hearing in retaliation for filing lawsuits.

**Count 3:** First Amendment claim against Brumley for denying Bentz hygiene kits in July 2018 in retaliation for filing grievances and lawsuits.

**Count 4:** First Amendment claim against Brumley and Eovaldi for denying Bentz access to his legal documents on July 14, 2018, in retaliation for filing grievances.

**Count 5:** Eighth Amendment claim of cruel and unusual punishment against Qualls, Brumley, Evelsizer, Bramlet, Yankey, Clark, Martin, John Doe #4, John Doe #5, John Doe #22, and John Doe #23 for subjecting Bentz to unconstitutional conditions of confinement while he was on deadlock in his cell from June 14, 2018, until June 27, 2018.

**Count 6:** Eighth Amendment claim of cruel and unusual punishment against Jones, White, Griffin, Hecht, Spiller, Loyd, Conway, Chitty, Micheales, Ellet, Hood, Sparling, Guetersloh, Eovaldi, Lindenberg, Scandland, Cleavland, Clark, John Doe #7, John Doe #19, John Doe #20, John Doe #21, John/Jane Doe #29, John Doe #30, John Doe #31, John Doe #32, John Doe #33, John Doe #34, John Doe #35, John Doe #36, John Doe #38, and John Doe #39 for housing Bentz in unconstitutional conditions of confinement from June 14, 2018, until July 11, 2018, while he was in segregation.

**Count 7:** Fourteenth Amendment procedural due process claim against Allsup for filing a false disciplinary report.

| | |
|---|---|
| **Count 8:** | Fourteenth Amendment claim against John/Jane Doe #16, John/Jane Doe #17, and John/Jane Doe #18 for falsifying reports and the investigation. |
| **Count 9:** | Fourteenth Amendment claim against Brookman, Hart, and Walker for denying Bentz due process by not recusing themselves and improper procedure during the disciplinary hearing. |
| **Count 12:** | First Amendment claim against Jones, White, Griffin, Hecht, Spiller, Loyd, Conway, Chitty, Micheales, Ellet, Hood, Sparling, Guetersloh, Eovaldi, Lindenberg, Scandland, Cleavland, Clark, John Doe #7, John Doe #19, John Doe #20, John Doe #21, John Doe #30, John Doe #31, John Doe #32, John Doe #33, John Doe #34, John Doe #35, John Doe #36, John Doe #38, and John Doe #39 for keeping Bentz in unconstitutional conditions of confinement from June 14, 2018, until July 1, 2018, in retaliation for filing lawsuits and grievances. |
| **Count 13:** | First Amendment claim against Lindenberg, Jones, Griffin, Ellet, Hood, John Doe #6, John Doe #7, John/Jane Doe #8, John/Jane Doe #9, John/Jane Doe #10, John/Jane Doe #11, John/Jane Doe #12, John Doe #19, John Doe #21, John Doe #31, John Doe #32, John Doe #33, and John Doe #34 for denying Bentz access to his legal documents in retaliation for filing lawsuits and grievances. |
| **Count 15:** | Intentional infliction of emotional distress claim in violation of Illinois state law against Allsup for intentionally and maliciously writing a false disciplinary ticket resulting in the placement of Bentz in unconstitutional conditions of confinement. |
| **Count 16:** | Malicious prosecution claim in violation of Illinois state law against Brookman, Hart, and Walker. |
| **Count 17:** | False imprisonment claim in violation of Illinois state law against Allsup, Brookman, Hart, and Walker. |
| **Count 19:** | Eighth Amendment claim of inadequate medical care against Jones, White, Griffin, Hecht, Spiller, Loyd, Conway, Chitty, Micheales, Ellet, Hood, Sparling, Guetersloh, Eovaldi, Lindenberg, Scandland, Cleavland, Clark, John Doe #7, John Doe #19, John Doe #20, John Doe #21, John Doe #30, John Doe #31, John Doe #32, John Doe #33, John Doe #34, John Doe #35, |

> John Doe #36, John Doe #38, and John Doe #39 for refusing to obtain medical treatment for Bentz from June 27, 2018, until July 11, 2018.

**Counts 10, 11, 14,** and **18** are **DISMISSED**. Because there are no other claims against them, **Lashbrook, Marshal, Lafond, John Doe** *personal property officer*, **Patricia Stewart, Cockrum, John Doe #1, John Doe #2, John Doe #3, John/Jane Doe #13, John Doe #14, John Doe #15, John/Jane Doe #24, John/Jane Doe #25, John/Jane Doe #26, John/Jane Doe #27, John/Jane Doe #28, John Doe #37, Menard Correctional Center, Illinois Department of Corrections,** and **unidentified John/Janes Does, et al.,** are **DISMISSED** from this action. The Clerk of Court is **DIRECTED** to terminate them from the Case Management/Electronic Case Filing ("CM/ECF") system.

The warden of Menard Correctional Center, **Anthony Wills**, in his official capacity only, is a defendant in this case for the purpose of responding to discovery aimed at identifying the unknown defendants and implementing any injunctive relief that may be ordered.

The Clerk of Court shall prepare for **Clark, Cleavland, Scandland,** and **John Doe #6, John/Jane Does #8-12, John Does #30-36,** and **John Does #38-39** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, the original Merit Review Order of the Complaint (Doc. 16), and this Memorandum and Order to the defendants' place of employment as identified by Bentz. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk of Court within 30 days from the date the forms were sent, the Clerk of Court shall take appropriate steps to effect formal service on that

defendant, and the court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Bentz, the employer shall furnish the Clerk of Court with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk of Court. Address information shall not be maintained in the court file or disclosed by the Clerk of Court.

Service shall not be made on the newly added unknown defendants, until such time as Bentz has identified each by name in a properly filed motion for substitution by **August 18, 2020**, and as provided in the Initial Scheduling Order. (Doc. 37). Bentz is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals. **Failure to file a motion to substitute by August 18, 2020, will result in the dismissal of the John Does added in the First Amended Complaint without prejudice.**

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, defendants need only respond to the issues stated in this merit review order and the original Merit Review Order of the Complaint (Doc. 16).** Defendants are **ADVISED** that the Court does not accept piecemeal answers.

IT IS SO ORDERED.

DATED:   June 18, 2020

*Nancy J. Rosenstengel*
_____
NANCY J. ROSENSTENGEL
Chief U.S. District Judge