IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ROBERT BENTZ,**
#S03210,

        **Plaintiff,**

**v.**

**KRISTA ALLSUP,** *et al.*,

        **Defendants.**

Case No. 19-cv-00770-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on the Motion to Identify Defendants filed by Plaintiff David Bentz. (Doc. 64). Currently, twenty-nine defendants remain unidentified and have not been served — twenty-seven "John Does" and Defendants "Loyd" and "Micheales." Defendants have not filed a response to the Motion. For the reasons set forth below, the Motion will be granted in part and denied in part.

### DEFENDANTS LOYD AND MICHEALES

In the original Complaint filed on July 16, 2019, Bentz brings allegations against Defendants Loyd and Micheales and describes them as correctional officers at Menard Correctional Center ("Menard"). (Doc. 1, p. 3). The Court conducted a merit review of the original Complaint, and the Clerk of Court was directed to service of process upon Loyd and Micheales. (Doc. 16). On January 6, 2020, the Requests to Waive Service of a Summons sent to the two defendants were returned to the Court by staff at Menard Correctional Center ("Menard"), stating that process could not be served because there was no individual named "Micheales" who worked at Menard and that Menard had three different people named Loyd during the time of the events alleged in the Complaint. (Doc. 18). The Court gave Bentz thirty days to provide additional information for Micheales and Loyd, such as physical descriptions or dates and times of alleged

interactions, to the Clerk of Court so that Defendants could be served. He was warned that failure to provide the information may result in dismissal of Defendants Loyd and Micheales. (Doc. 19). Bentz then filed a proposed amended complaint, in which he again identified Loyd and Micheales as correctional officers employed by Menard. (*See* Doc. 22; Doc. 57, p. 2). The Court *sua sponte* granted Bentz additional time to identify them, and he was directed to provide further identifying information for Loyd and Micheales by April 3, 2020. (Doc. 30). On March 17, 2020, Bentz filed a Notice to the Court stating that his proposed amended complaint provided the descriptive information for identifying Loyd and Micheales. (Doc. 34). The Court found his response insufficient, and he was given until August 14, 2020, to identify Loyd and Micheales. (Doc. 37). Because Bentz claimed he was being denied access to his legal storage, the law library, and the electronic filing system, he was given one last extension and had until September 25, 2020, to properly identify Defendants Micheales and Loyd. (Doc. 58).

In his current Motion, Bentz cites again to information provided in the First Amended Complaint and states that Micheales is a correctional officer who worked at Menard in the North Two Cell House between the dates of June 14, 2018, through July 11, 2018, and on June 30, 2018, on the 3:00 p.m. to 11:00 p.m. shift. This information is not sufficient to identify and serve Micheales. Bentz has already been informed, there is no employee with the name "Micheales" at Menard. (Doc. 18). Giving the shift times that Micheales allegedly worked in a cell house does not assist the Court or Defendants in identifying which correctional officer Bentz is attempting to hold liable. As Bentz has had nine months to provide *any additional* information, such as nicknames, physical descriptions, exact locations and dates where Bentz interacted with Micheales, and has instead chosen to reassert information provided in the First Amended Complaint, Defendant Micheales is dismissed without prejudice.

Bentz has, however, provided additional information regarding Defendant Loyd. Similar to Micheales, Bentz states that Loyd is a correctional officer who worked in North Two Cell House

between June 14, 2018, through July 11, 2018. He adds that on June 29, 2018, Correctional Officer Loyd worked the 3:00 p.m. to 11:00 p.m. shift and was assigned to the showers. Accordingly, Defendants are directed to provide Bentz and the Court with the name of Correctional Officer Loyd who was assigned to the showers in North Two Cell House, on June 29, 2018, during the 3:00 p.m. to 11:00 p.m. shift by **November 5, 2020,** so that he may be served.

### JOHN DOE DEFENDANTS

After Defendants had filed answers to the original Complaint, the Court entered an Initial Scheduling Order. (Doc. 37). The Order directed Bentz to produce to Defendants any information he possessed which would help identify the John Does (John Does 4, 5, 7, 16, 17, 18, 19, 20, 21, 22, 23, and 29). He was given until August 14, 2020, to file a motion to substitute specific Defendants for the John Does or if any John Does remain unidentified to file a motion specifying additional steps that could be taken to identify the John Doe Defendants. Three days later, the Court conducted a merit review of the First Amended Complaint. (Doc. 38). Bentz was given until August 18, 2020, to file a motion to substitute the newly added John Does (John Does 6, 8-12, 30-36, 38-39). (Doc. 38). John Does 1-3, 13-15, 24-28, and 37 were dismissed. On July 20, 2020, Bentz filed a motion requesting for an extension of the deadlines in the Initial Scheduling Order; again, because he claim he was being denied access to legal storage, the law library, and the electronic filing system. (Doc. 50). The Court gave him until September 17, 2020, to produce initial disclosures to Defendants and until September 25, 2020, to file a motion to substitute specific Defendants for all the John Does or if the John Does remain unidentified, to file a motion specifying additional steps that can be taken to identify the John Does. (Doc. 58).

In his Motion, he cites to the First Amended Complaint and provides the shift information for the following unknown defendants:

- John Doe 4: a lieutenant in West House between June 14, 2018 through June 28, 2018, on the 7:00 a.m. to 3:00 p.m. shift;
- John Doe 5: a sergeant in West House between June 14, 2018 through June 28, 2018, on

- the 7:00 a.m. to 3:00 p.m. shift;
- John Doe 7: a correctional officer in North Two, 2 Gallery, on June 27, 2018, on the 7:00 a.m. to 3:00 p.m. shift.
- John/Jane Doe 16: an internal affairs officer who filed report documents regarding Bentz's disciplinary ticket;
- John/Jane Doe 17: an internal affairs officer who filed report documents regarding Bentz's disciplinary ticket;
- John/Jane Doe 18: an internal affairs officer who filed report documents regarding Bentz's disciplinary ticket;
- John Doe 19: a correctional officer in North Two;
- John Doe 20: a correctional officer in North Two;
- John Doe 21: a major in North Two from June 28, 2018 through July 11, 2018, on the 7:00 a.m. to 3:00 p.m. shift;
- John Doe 22: a major in West House from June 14, 2018 through June 28, 2018, on the 7:00 a.m. to 3:00 p.m. shift;
- John Doe 23: a lieutenant in West House from June 14, 2018 through June 28, 2018, on the 7 a.m. to 3:00 p.m. shift;
- John Doe 29: a placement officer/staff on June 27, 2018 on the 7:00 a.m. to 3:00 p.m. shift.

(Doc. 64). He asks for the staff rosters for West Cell House and North Two for the dates provided so that he can identify the names of these defendants.

Defendants have already stated that based on this information, which is provided in the First Amended Complaint, they are unable to identify the John Doe Defendants. (Doc. 51). And based on the record, it does not appear that Bentz has made any effort to communicate with Defendants and further identify these defendants over the past four months. Defendants have not filed a response to the Motion, however, and so, at this point, it is unclear if Bentz has provided Defendants additional identifying information, or requested staff rosters or any documents directly from Defendants to assist him in identifying the John Does. Therefore, the Court *sua sponte* extends the deadlines for identifying the unknown Defendants John Doe 4, John Doe 5, John Doe 7, John/Jane Does 16, John/Jane Doe 17, John/Jane Doe 18, John Doe 19, John Doe 20, John Doe 21, John Doe 22, John Doe 23, and John Doe 29. Bentz shall have until **October 29**, **2020, to produce to Defendants,** *and file with the Court,* a written Notice containing additional information he possesses which will help identify the John Does, including but not limited to: physical descriptions, specific job assignments, partial names or nicknames, and specific locations

and dates where Bentz interacted with the John Does. Bentz is warned that solely citing to or repeating information provided in the First Amended Complaint is not sufficient. By **October 29, 2020,** Bentz should also request from Defendants any documents, including staff rosters, he feels would assist him in identifying the John Does. Defendants shall have until **November 12, 2020, to produce to Bentz,** *and file with the Court*, a written Notice identifying the John Does, or, if Defendants are unable to make a specific identification, any document or information which would assist in the identification of the John Does. Bentz shall have until **November 30, 2020,** to file a motion to substitute Defendants for the John Does. **Failure by Bentz to abide by this Order in any manner will result in the dismissal of the John Does without prejudice. No further extensions will be granted.**

Finally, John Does 4, 5, and 7 are dismissed without prejudice. Bentz has failed to identify these Defendants or provide the Court with additional steps that could be taken to identify them. In fact, they are not mention in the Motion to Substitute at all.

## PENDING MATTERS

On August 27, 2020, Defendants were directed to file a response to Bentz's allegations that he is currently being denied access to his legal storage and the law library and prohibited from electronically filing documents with the Court by September 10, 2020. (*See* Doc. 58). Defendants then requested an extension and the deadline was extended by the Court to September 24, 2020. (Docs. 59, 61). Rather than filing a response, on September 24, 2020, Defendants Scanland, Cleavland, and Clark filed a second Answer to the First Amended Complaint. (Doc. 63). In the Answer, they reassert the affirmative defense that Bentz failed to properly exhaust administrative remedies, despite the Court previously granting the motion to withdraw the affirmative defenses regarding exhaustion filed by all Defendants who have been properly identified and served. (Doc. 62). To date, Defendants have not filed a response to the allegations asserted by Bentz in his Motions for Extension of Time (Docs. 50, 52), and it is unclear if Defendants Scanland, Cleavland,

and Clark intended to file an amended pleading. Furthermore, the Court previously ordered all Defendants to file an appropriate responsive pleading to the First Amended Complaint and advised Defendants that the Court does not accept piecemeal answers. (Doc. 38, p. 20). Only Defendants Scandland, Cleavland, and Clark have filed an Answer to the First Amended Complaint, and as discussed, they have filed two.

Therefore, the Court *sua sponte* grants an extension of time for Defendants Allsup, Bramlet, Brookman, Brumley, Chitty, Conway, Ellet, Eovaldi, Evelsizer, Griffin, Guetersloh, Hart, Hecht, Hood, Jones, Lindenberg, Martin, Qualls, Sparling, Spiller, Walker, White, Wills, and Yankey to file an answer to the First Amended Complaint. An answer is due on or before **November 5, 2020.**

Defendants Scandland, Clevland, and Clark shall clarify to the Court whether the second answer to the First Amended Complaint (Doc. 63) was filed in error or as an amended pleading pursuant to Federal Rule of Civil Procedure 15(a)(A) by **November 5, 2020.**

And finally, Defendants shall have until **October 29, 2020,** to respond to Bentz's allegations that he is currently being denied access to his legal storage and the law library and prohibited from electronically filing documents.

## DISPOSITION

For the reasons provided above, the Motion to Identify Defendants (Doc. 64) filed by Bentz is **GRANTED in part** and **DENIED in part.** Defendants Micheales, John Doe 4, John Doe 5, and John Doe 7 are **DISMISSED without prejudice**.

By **October 29, 2020,** Bentz is **DIRECTED** to **produce to Defendants,** *and file with the Court,* a written Notice containing additional information he possesses which will help identify the John Doe 4, John Doe 5, John Doe 7, John/Jane Does 16, John/Jane Doe 17, John/Jane Doe 18, John Doe 19, John Doe 20, John Doe 21, John Doe 22, John Doe 23, and John Doe 29, and request from Defendants any documents he feels would assist him in identifying the John Does.

By **November 12, 2020**, Defendants are **DIRECTED** to **produce to Bentz,** *and file with the Court,* a written Notice identifying the John Does, or, if Defendants are unable to make a specific identification, any document or information which would assist in the identification of the John Does. By **November 30, 2020,** Bentz **SHALL** file a motion to substitute Defendants for the John Does. **NO FURTHER EXTENSIONS WILL BE GRANTED.**

Defendants are **FURTHER DIRECTED** to file a response to Bentz's allegations that he is currently being denied access to his legal storage and the law library and prohibited from electronically filing documents by **October 29, 2020.**

Defendants are **FURTHER DIRECTED** to provide Bentz and the Court with the name of Correctional Officer Loyd who was assigned to the showers in North Two Cell House, on June 29, 2018, during the 3:00 p.m. to 11:00 p.m. shift by **November 5, 2020**.

Defendants Allsup, Bramlet, Brookman, Brumley, Chitty, Conway, Ellet, Eovaldi, Evelsizer, Griffin, Guetersloh, Hart, Hecht, Hood, Jones, Lindenberg, Martin, Qualls, Sparling, Spiller, Walker, White, Wills, and Yankey are **DIRECTED** to file an answer to the First Amended Complaint by **November 5, 2020.**

Defendants Scandland, Clevland, and Clark **SHALL CLARIFY** to the Court whether the second answer to the First Amended Complaint (Doc. 63) was filed in error or as an amended pleading pursuant to Federal Rule of Civil Procedure 15(a)(A) by **November 5, 2020.**

**IT IS SO ORDERED.**

**DATED:   October 15, 2020**

　　　　　　　　　　　　　　　　　　　　　　　*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**