IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBERT BENTZ,**<br>**#S03210,**<br><br>  Plaintiff,<br><br>v.<br><br>**KRISTA ALLSUP,** *et al.,*<br><br>  Defendants. | Case No. 19-cv-00770-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

   This matter is before the Court for the purposes of case management. Plaintiff David Bentz, an inmate of the Illinois Department of Corrections who is currently at Menard Correctional Center ("Menard"), is pursuing claims against Defendants pursuant to 42 U.S.C. §1983 for violating his constitutional rights while incarcerated. He has filed three documents with the Court claiming that he is being denied access to the law library, electronic filing system ("e-filing"), and his legal documents. (Docs. 50, 52, 75). Defendants have filed responses to the allegations in all three pleadings. (Docs. 73, 79). Based on the record, the Court finds that no further action regarding Bentz's allegations is required at this time and denies the request for sanctions.

***I. Motions for Extension of Time (Docs. 50, 52)***

   On July 20, 2020 and August 14, 2020, Bentz filed motions requesting additional time to comply with the deadlines set in the Initial Discovery and Scheduling Order. (Docs. 50, 52). He claimed that from May to July 2020, due to the COVID-19 pandemic, Menard staff denied him access his legal documents kept in legal storage and to the law library, and prevented him from e-filing documents. Because of these incidents outside of his control, Bentz requested additional time to identify the John Doe Defendants and comply with initial disclosure requirements. The Court granted Bentz's request for an extension and directed Defendants to respond to Bentz's

Page 1 of 4

allegations that he was being hindered from litigating his claims. Defendants filed a response on November 11, 2020. Bentz did not file a reply.

In their response, Defendants assert that Bentz's allegations are not true. (Doc. 73). They provide the declaration of Patricia Stewart, the law librarian at Menard, detailing the process for obtaining legal services during the pandemic. According to Stewart, the law library has continued to e-file documents during the pandemic without interruption, but there has been a procedure change for accessing the law library and legal property in order to restrict movement at Menard. (Doc. 73-10). As of April 22, 2020, in order to obtain legal services, including reviewing legal property, an inmate must provide proof of a legal deadline to the law library. (Doc. 73-6; Doc. 73-10). Once the law library receives a verified deadline, the inmate is placed on the deadline list to ensure the inmate receives priority in assigning the time to review legal property and access the law library. These new procedures were fully explained in a bulletin shown on the Inmate TV Channel and posted on the cell house bulletin boards. (*Id.*).

Defendants have also submitted legal property record logs demonstrating that Bentz requested legal exchange ten times from May 14, 2020, to July 30, 2020, and each time, he was given a pass allowing him access to his legal property. (Doc. 73-1, Doc. 73-2). Additionally, according to Stewart, when Bentz requested legal exchange without a law library verified deadline on July 13, 2020, she wrote Bentz a memorandum explaining the proper procedures. (Doc. 73-4; Doc. 73-10). On July 15, 2020, Bentz submitted proof of a court deadline, and he was placed on the deadline list. (Doc. 73-10, p. 2). Stewart concludes that "[a]ny lack of access to legal property and/or the law library alleged by Mr. Bentz would be due to his failure to provide proof of a deadline to the law library." (*Id.*). Stewart also states that Bentz did not request to "have any documents e-filed for the months of May, June, or July 2020[.]" (*Id.* at p. 3). This is demonstrated by the fact his name is not recorded in the E-filing Logs maintained by the law library. (*See* Doc. 73-8).

The Court finds that Bentz's claims that he was denied access to various legal services is not supported by the record, and the Court is satisfied that Bentz had adequate access to his legal documents, law library resources, and the ability to e-file from May through July 2020. Menard institutional record logs submitted by Defendants, which Bentz does not dispute, show that he had access his legal property on several occasions and was provided information on how to acquire law library access if needed. The logs also demonstrate that he did not request to e-file any documents from May through July. Thus, Defendants have sufficiently shown that the Court's administration of justice was not being frustrated as alleged. *See United States v. New York Tel. Co.,* 434 U.S. 159, 172 (1977) (citing 28 U.S.C. § 1651(a)). Finally, Bentz has not asserted that he was prevented from litigating his claims in this case against any of the named defendants, and his claims outside the scope of the First Amended Complaint. Injunctive relief is therefore not appropriate. *See Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994); *Daniels v. Dumsdorff*, No. 19-cv-00394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019); *Bird v. Barr,* 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020). For these reasons, no further action on the part of the Court is necessary at this time.

## II. Notice of Contempt (Doc. 75)

On December 8, 2020, Bentz filed a Notice of Contempt. (Doc. 75). In the Notice, he alleges he continues to be denied use of the law library and e-filing system at Menard. As a result, he has been forced to mail his court documents using the United States Postal Service. Bentz also claims he is not receiving most Notice of Electronic Filings ("NEFs") and is receiving court deadline notices after the deadlines have passed. He asks the Court to impose sanctions upon Defendants and/or the Warden of Menard and Menard Correctional Center. Defendants filed a response in opposition. (Doc. 79).

Because Bentz has failed to adhere to instructions given by the judges in this district to provide full details of his allegations when filing motions and to refrain from filing duplicative

documents in multiple cases, the request for sanctions is denied. As Defendants point out in their response, Bentz has repeatedly been instructed to "provide something more than generalize assertions…[and] to include concrete facts and details" when filing motions and pleadings with the Court. *See Bentz v. Threadgille,* No. 17-cv-01384 (Docs. 86, 100). *See also Bentz v. Atchinson,* No. 14-cv-001132 (Doc. 105) (denying two motions for contempt because Bentz failed "to specifically identify any documents that were not actually filed"); *Bentz v. Hughs,* No. 13-cv-01280 (Doc. 105) (noting that Bentz's reasons for requesting copies of a transcript were "vague"); *Bentz v. Qualls,* No. 14-cv-00562 (Doc. 50) (stating that Bentz's "generalized allegation of harassment and threats is insufficient to justify issuance of a preliminary injunction"); *Bentz v. Lindenberg,* No. 15-cv-00121 (Doc. 118) (denying motions for contempt for failing to indicate what documents have not been filed with the court or how he has been prejudiced); *Bentz v. Maue,* 16-cv-00854 (Doc. 200) (denying motion for status for failure to provide anything more than general assertions). He has also been warned to refrain from filing the same motions in multiple cases, as it "wastes judicial resources and creates a risk of inconsistent opinions at the district court level." *Bentz v. Lindenberg,* No. 18-cv-00016 (Doc. 13). *See also Bentz v. Maue,* No. 16-cv- 00854 (Docs. 43, 50, 52, 251). Bentz has disregarded these instructions. He filed the Notice of Contempt in this case and six others and fails to provide "concrete facts" regarding his allegations and how they relate to *this case*. Therefore, the request for sanctions is **DENIED.**

    **IT IS SO ORDERED.**

    **DATED: May 12, 2021**

                                         s/Stephen P. McGlynn
                                        **STEPHEN P. MCGLYNN**
                                        **United States District Judge**